CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLOS E., | ) |
| | ) |
| Plaintiff | ) Civil Action No. 7:18-CV-00337 |
| | ) |
| v. | ) |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on June 25, 2019, recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Carlos E. ("Carlos") has filed objections to the report and this matter is now ripe for the court's consideration.

### I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's

attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *'those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.'*"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [he] seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

3

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

### III. Plaintiff's Objections[2]

Carlos objects to the following findings by the magistrate judge: (1) that the ALJ did not commit legal errors in his assessment of Carlos's residual functional capacity (RFC) and that the assessment is supported by substantial evidence; (2) that the ALJ considered and gave proper weight to Carlos's subjective complaints; and (3) that new evidence submitted to the Appeals Council did not warrant remand of his case. The Commissioner responded that the magistrate judge correctly found that substantial evidence supported the ALJ's conclusions. Because the ALJ's analysis of Carlos's RFC relies in part on his assessment of Carlos's subjective complaints, the second objection will be addressed first.

#### A. Subjective Complaints

The magistrate judge reviewed the ALJ's decision with regard to Carlos's subjective complaints of impairment and found that the ALJ followed the two-step process set out in SSR 16-3P.[3] The magistrate judge further concluded that the ALJ supported his analysis with substantial evidence.

Carlos argues that the magistrate judge erred when he found that the ALJ properly assessed his subjective complaints of pain and other limitations. The ALJ summarized Carlos's

---

[2] Detailed facts about Carlos's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 9) and will not be repeated here.

[3] "SSR 16-3p" refers to Social Security Ruling 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, which provides guidance about how the Social Security Administration evaluates the intensity, persistence, and limiting effects of symptoms in disability claims. Under the ruling, a two-step process is used to evaluate an individual's symptoms. At Step 1, a determination is made whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. At Step 2, an evaluation is made of the intensity and persistence of an individual's symptoms such as pain, and a determination is made of the extent to which the individual's symptoms limit his ability to perform work-related activities.

5

allegations as having difficulties sleeping and managing some aspects of personal care, and difficulties with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, hearing, stair climbing, seeing, memory, completing tasks, concentration, understanding, following instructions, using his hands, and getting along with others. The ALJ found that his medically determinable impairments could reasonably be expected to produce the symptoms, but that Carlos's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 335-336.

In support of his finding that Carlos's statements concerning his impairments were not entirely consistent with the medical and other evidence in the record, the ALJ first summarized Carlos's medical records. He pointed out that imaging studies revealed multiple spondylotic and discogenic changes, multilevel degenerative changes, and mild multilevel disc disease coupled with congenitally short pedicles resulting in multilevel canal stenosis at C3-4, C5-6, and C6-7 levels. R. 336. The ALJ observed that on physical examination, Carlos had routinely presented with findings consistent with his diagnoses, including generalized tenderness and tenderness to palpation in multiple locations, positive trigger points at the L4-5 and L5-S1 levels, decreased range of motion in his neck, sensory deficits in the right upper extremity, positive bilateral straight-leg raise testing, muscle spasms in his neck, decreased grip strength, weakness in his upper and lower extremities, an antalgic gait, and positive Hoffman's signs bilaterally. Id. (citing Ex. 1F; 2F; 4F-6F; 8F-12F; 15F; 17F; 18F).

The ALJ further noted that Carlos had reported a number of symptoms consistent with his diagnoses, including lower back pain that radiates into his right lower extremity, numbness

6

in his lower extremities, urinary incontinence, difficulty sitting, bilateral neck and periscapular pain with radiation into his right upper extremity, numbness and tingling in his right upper extremity, weakness in the upper extremities and trouble walking. R. 336-337 (citing Ex. 1F; 2F; 4F-12F; 15F; 17F; 18F; Hearing Testimony).

The ALJ then found that "despite the partial evidentiary support for [Carlos's] impairments, the record contains a number of inconsistencies, which call into question the veracity of [his] subjective allegations." R. 337. In support, the ALJ stated that Carlos has "demonstrated the ability to perform a wide variety of daily activities" in spite of his alleged impairments. Id. As examples, the ALJ looked to a function report Carlos completed in November 2013 and his testimony at the hearing held on March 15, 2017. The ALJ found that Carlos stated he could help care for his son, manage his personal care, prepare meals daily, perform light housework, go outside three to four times weekly, go shopping, manage his finances, watch television, spend time with others, and attend family events. R. 337.

The court has reviewed the function report and hearing testimony and finds that the recitation of the record is incomplete, because it does not discuss the extent to which Carlos engages in these activities. See Lewis v. Berryhill, No. TMD 17-482, 2018 WL 4616030 (D. Md. 2018) (remanding in part because although ALJ discussed type of activities engaged in by claimant, he did not discuss the extent of the activities). For example, in response to a question about whether anyone helped him take care of another person, Carlos stated, "My mom helps with my disabled son when I have them for visits. She also helps with my other children too." R. 531. This statement sheds no light on how much or what type of care Carlos provides his son. With regard to personal care, Carlos stated that he needs help from family members to

7

get dressed, uses a bath chair when bathing so he does not strain himself or slip while trying to bathe; cannot shave due to pain caused by raising his arm; takes a long time feeding himself because he is right-hand dominant and has a lot of pain in that hand; and cannot sit down or get up off the toilet without help. R. 531, 372.

As far as preparing meals, Carlos stated that he only microwaves items and it usually takes him fifteen to twenty minutes. He is "not able to endure preparing homemade meals." R. 531. In the 2013 function report, Carlos stated that he does not do any housework. R. 532. At the hearing he testified that he tries to wash dishes, but can stand only for a few minutes before needing to sit down and rest. R. 368-369. He also tries to sweep, but has to stop because of pain. R. 373. In the 2013 function report, he stated that he goes outside three or four times per week, weather permitting, either to sit or grocery shop for thirty minutes to an hour. R. 533. At the 2017 hearing he testified that his family members do the grocery shopping. R. 373. He also stated that he is able to pay bills, count change, handle a savings account, and use a checkbook or money order, except that he is indigent. R. 533-534. His only interest or hobby is watching television which he does to take his mind off his pain. R. 534. He does spend time with family at family events. R. 534.

Because the ALJ did not discuss the extent to which Carlos engaged in these activities, or how the activities translate into an ability to work, the court finds that the ALJ did not build a logical bridge[4] between Carlos's descriptions of his daily activities and the conclusion that

---

[4] In Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)), the court observed that it is not enough for an ALJ to state in a conclusory manner that a claimant's testimony regarding limitations placed on his daily activities was unsupported by the medical evidence. Rather, an ALJ must articulate "some legitimate reason for his decision" and "build an accurate and logical bridge from the evidence to his conclusion."

8

they undermine his disability claim. See Brown v. Comm'r of Soc. Sec., 873 F.3d 251, 269 (4th Cir. 2017) (finding that statement by ALJ that claimant's daily activities supported an adverse credibility determination was insufficient when ALJ failed to note limited extent of the activities or explain how they showed he could sustain a full-time job). None of the activities described, except perhaps for going to the grocery store, which Carlos did not claim to still be doing in 2017, indicates that Carlos is able to do more than he claims he can do. Rather, the very limited nature of his daily activities is consistent with his descriptions of his limitations. In any event, the ALJ did not explain what it is about Carlos's activities that indicates he can do light work with additional limitations.

The ALJ also stated that Carlos routinely presents with normal physical examinations, which note normal strength, gait, and range of motion, without neurological or psychiatric abnormalities. R. 337. However, the parts of the record he cites for this finding, Ex. 1F; 2F; 5F; 6F; 10F; 17F; and 18F, are the same exhibits he cited when he stated that Carlos had routinely presented with findings and symptoms consistent with his diagnoses. Moreover, the exhibits to which he cites encompass 254 pages and it is unclear which part of the medical evidence the ALJ found to undermine Carlos's allegations of disability and which part he found to support the allegations.[5] Similarly, the ALJ cited to imaging studies at Ex. 2F, 5F, and

---

[5]In the Commissioner's brief in support of ALJ opinion, he gives examples of pages from the record to which he believes the ALJ was referring. ECF No. 17 at 11-12. However, in reviewing a determination by an administrative agency, the court must judge the propriety of the action solely on the grounds invoked by the agency. Bailey v. Berryhill, No. 2:16-CV-07044, 2017 WL 3834990 at *11 (S.D.W.V 2017) (citing Burlington Truck Lines, Inc., v. United States, 371 U.S. 156, 159 (1962)). See also Williams v. Colvin, No. 6:11-2344-GRA-KFM, 2013 WL 877128 at *6 (D.S.C. 2013) (finding that if ALJ's explanation of weight she gave to physician's opinion is not specific enough under SSR 96-2p, court cannot accept post-hoc citation by Commissioner to evidence ALJ may have considered); Hilton v. Astrue, No. 6:10-2012-CMC, 2011 WL 5869704 at *4 (finding court cannot accept post-hoc rationalizations not contained within ALJ decision).

9

10F which he stated revealed no evidence of abnormalities, but also cited to those exhibits when he stated that imaging studies revealed multiple spondylotic, discogenic, and degenerative changes, as well as mild multilevel disc disease coupled with congenitally short pedicles resulting in multilevel canal stenosis. See R. 336-337.

Without citing to specific evidence in the record and explaining how the evidence does or does not support the determination, the court cannot properly conduct a substantial evidence review of the ALJ's determination. In Radford v. Colvin, the Fourth Circuit noted the following:

> A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. Hines v. Bowen, 872 F.2d 54, 59 (4th Cir. 1989). If the reviewing court has no way of evaluating the basis of the ALJ's decision, then, "the proper course, except in rare circumstances, it to remand to the agency for additional investigation or explanation. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

Radford, 734 F.3d 288, 295 (2013). See also Cook v. Berryhill, No. 2:16-CV-85, 2018 WL 1010485 at * 4 (N.D.W.V. 2018 ) ("It is well accepted that this Court may not delve into the record to ferret out the evidence to support the ALJ's conclusion."); Accord, Jackson v. Colvin, 2015 WL 5786802, at *2 (S.D.W.V. 2015) ("It is not the role of the courts to search for reasons for a decision that were not furnished by the ALJ."); Brown v. Colvin, 639 F.App'x. 921, 923 (4th Cir. 2016) (noting that it is error for a district court to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step 3 of the sequential process).

While the ALJ cited to exhibits in the record, he did not cite to particular pages or dates in the record to which he refers and his failure to do frustrates review of his decision. The ALJ did cite to a 2011 EMG study that revealed no evidence of peripheral neuropathy, a 2013 study that revealed no evidence of upper extremity radiculopathy, a 2015 lumbar myelogram that revealed no abnormalities, and a 2017 study that showed no evidence of mechanical instability. R. 337. However, it is not enough to simply list the evidence. In Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit noted that a proper RFC analysis has three elements: evidence, a logical explanation, and a conclusion. Id. at 311. "The second component, the ALJ's logical explanation, is just as important as the other two. . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." Id. (citing Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ in this case did not explain why these findings were inconsistent with Carlos's subjective complaints of disability.

The court is mindful that it should defer to the ALJ's assessment of a claimant's statements and should not interfere with the assessment when the evidence in the record supports his conclusions. However, given the lack of a discussion of Carlos's daily activities as they relate to his ability to work, the lack of citation to specific evidence in the record which effectively precludes review of the evidence, and the fact that the ALJ did not explain how he arrived at his conclusions, the court finds that substantial evidence does not support the ALJ's assessment of Carlos's subjective allegations of disability. Accordingly, the court **SUSTAINS** Carlos's objection on this issue and remands this case for further proceedings.

## B. RFC Assessment

The process for assessing a claimant's RFC is set forth in SSR 96-8P, 1996 WL 374184 (S.S.A.). The ruling sets out in relevant part the following:

> The RFC must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may the RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

Id. at *1. Physical abilities set out in 20 C.F.R. 404.1545(b) and 416.945(b) include sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching. Mental abilities set out in subpart (c) of the regulation include understanding, remembering, and carrying out instructions, responding appropriately to supervision, co-workers, and work pressures in a work setting. Other abilities set out in subpart (d) of the regulation include those affected by skin impairments or epilepsy, impairment of vision, hearing or other senses, or impairments which impose environmental restrictions.

The Fourth Circuit made clear in Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016), that the "'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." Monroe, 826 F.3d at 187-188 (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8P, 61 Fed. Reg. at 34,475). Only after such a function-by-function analysis may an ALJ express RFC "'in terms of the exertional levels of work.'" Monroe, 826 F.3d at 179 (quoting SSR 96-8P, 61 Fed. Reg. at 34,475).

Expressing RFC before analyzing the claimant's limitations function by function creates the danger that "'the adjudicator [will] overlook limitations or restrictions that would

12

narrow the ranges and types of work an individual may be able to do.'" Id. at 187 (quoting Mascio, 780 F.3d at 636 and SSR 96-8p, 61 Fed. Reg. at 34,476). In addition, the ALJ's assessment must include a narrative discussion of how the evidence supports each conclusion, citing medical facts and nonmedical evidence, and "'must build an accurate and logical bridge from the evidence to his conclusion.'" Id. at 189 (quoting Clifford, 227 F.3d at 872).

In this case, the ALJ first found that Carlos had the severe impairments of cervical myelopathy, status-post neck injury; mild to moderate degenerative disc disease of the lumbar spine, hypertension, and status-post fusion of the cervical spine. R. 334. He then discussed Carlos's medical history and summarized his subjective complaints, including the testimony he gave at the hearing. R. 335-338. The ALJ concluded that Carlos had the RFC to do light work with the additional limitations of only occasionally reaching, handling, and fingering with his right dominant upper extremity; frequently but not constantly reaching, handling, and fingering with his left non-dominant upper extremity; never crawl or climb; and occasionally stoop, crouch, or kneel. R. 335.

The magistrate judge concluded that the ALJ's opinion included the narrative discussion required by SSR 96-8P and contained sufficient information to allow meaningful review. He further found that the ALJ built an accurate and logical bridge from the evidence to his conclusion when he discussed the medical and non-medical evidence, Carlos's alleged symptoms, and the medical opinions of record. The magistrate judge was not left to guess about how the ALJ reached his conclusions because he adequately explained them.

Carlos objects that the ALJ did not build the logical bridge required by Monroe and Clifford. As discussed above, on de novo review of the ALJ decision, the court finds that the

ALJ did not provide a sufficient basis for the court to conclude that the ALJ properly considered Carlos's subjective complaints. Without a proper assessment of Carlos's subjective complaints, the court cannot determine whether substantial evidence supports the ALJ's assessment of his RFC.

In addition, although the ALJ limited Carlos to less than a full range of light work, he did not discuss the amount of walking that Carlos can do. Light work "requires a good deal of walking or standing," "or involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). If Carlos's subjective complaints were found to be consistent with the record, he would not be able to do light work because he would not be capable of a good deal of walking or standing. In any case, the ALJ did not perform a functional analysis of Carlos's ability to walk. Because the court finds that the ALJ's conclusion that Carlos's subjective complaints were not consistent with the record was not supported by substantial evidence, it also finds that the ALJ's conclusion with regard to Carlos's RFC is not supported by substantial evidence. Therefore, Carlos's objection on this issue is **SUSTAINED**.

**C. New Evidence**

In <u>Wilkins v. Sec'y Dep't Health and Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991), the Fourth Circuit held that "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" (quoting <u>Williams v. Sullivan</u>, 905 F.2d 214, 216 (8th Cir. 1990)). In addition, there must also be a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 404.970. Carlos submitted new evidence to the Appeals Council, which consisted of 59 pages from Carilion Clinic Neurosurgery dated April 13, 2017 through December 14, 2017, R. 44-100, and 228 pages from Carilion Clinic-Roanoke Memorial Hospital dated March 30, 2017 through December 2, 2017. R. 101-328. The Appeals Council found that the evidence did not show a reasonable probability that it would change the outcome of the decision and therefore did not consider it. R. 2.

Carlos also submitted 34 pages of additional medical records dated January 10, 2018 through April 21, 2018. R. 9-41. The Appeals Council found that because the ALJ issued his decision on July 17, 2017, the evidence did not relate to the period at issue. R. 2.

Carlos argued to the magistrate judge that the evidence was new, material, and relevant to the issues that were before the ALJ. He points out that the ALJ stated in his determination that after Carlos's surgery in March 2017 he was overall doing well with multiple improvements and that he had been walking for exercise. R. 337. The evidence submitted to the Appeals Council shows that Carlos continued to have significant pain. He received steroid injections for pain and had an additional surgery in November 2017. R. 80-84, 215-221.

The magistrate judge found that some of the new evidence was duplicative of other evidence in the record and summarized the evidence that was not duplicative. He concluded that the evidence leading up to the second surgery and shortly after the surgery did not reflect a change in Carlos's functional capacity. The ALJ further found that several months after the ALJ issued his opinion, Carlos reported a change in his condition on February 21, 2018, after an encounter with a police officer who put Carlos's hands behind his back, which caused pain in his neck. The ALJ concluded that the records dated after February 2018 represented a

15

subsequent exacerbation of Carlos's condition such that his complaints did not relate back to the relevant period before the ALJ's decision.

Because the court finds that remand is warranted in this case, it further finds that a discussion of the new evidence in terms of Wilkins and 20 C.F.R. § 404.970 is not necessary. On remand, the Commissioner is directed to review all the evidence in the record, including the evidence submitted to the Appeals Council after the ALJ hearing.

## CONCLUSION

For the reasons stated, the court finds that the magistrate judge erred in finding that the ALJ's assessment of Carlos's subjective allegations was supported by substantial evidence and that his assessment that Carlos can do light work with additional limitations is supported by substantial evidence. As such, the court **REJECTS** magistrate judge's report and recommendation and **REMANDS** this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.

An appropriate Order will be entered.

Entered: 09/17/19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

16